**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICKY A. PIERCE,
Plaintiff-Appellant,

v.

FRANKLIN FREEMAN; HATTIE PIMPONG;

BOYD BENNETT; LYNN PHILLIPS,
Defendants-Appellees.

NORTH CAROLINA PRISONER LEGAL
SERVICES, INCORPORATED,
Amicus Curiae.

No. 95-7031

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-95-157-5-BO)

Argued: March 3, 1997

Decided: August 15, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul D. Bianco, Student Counsel, Appellate Litigation
Program, GEORGETOWN UNIVERSITY LAW CENTER, Wash-
ington, D.C., for Appellant. Joan Herre Erwin, Assistant Attorney
General, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Steven

H. Goldblatt, Director, Elisabeth A. Wing, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Michael F. Easley, Attorney General, Raleigh, North Carolina, for Appellees. J. Phillip Griffin, NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Pierce, a prisoner incarcerated in North Carolina and a frequent filer of pro se complaints in this circuit, filed this claim under 42 U.S.C. § 1983, alleging that he was denied procedural due process during the course of several prison disciplinary proceedings. In particular, Pierce alleged, inter alia, that he was not allowed to present witnesses at these hearings, not permitted to give full oral testimony, not provided with notice, not afforded compulsory process, not allowed to present documentary evidence, not allowed to confront the witnesses against him, not allowed to be present at all important stages of the hearings, not given adequate reasons for the disciplinary actions, and not informed as to the time limitations on inmate requests for specific witnesses. J.A. at 8. Pierce's complaint sought compensatory, exemplary, and punitive damages in excess of $10,000 from each defendant. Additionally, Pierce prayed that all of his infractions be expunged and that all of his revoked good time credit be restored.

Pursuant to 28 U.S.C. § 1915, the district court reviewed and dismissed Pierce's complaint as frivolous. The district court reasoned that due process protection in the context of prisoner disciplinary hearings extends, at most, only to inmates who face the loss of good time credits or placement in solitary confinement, relying on the Supreme Court's decisions in Wolff v. McDonnell, 418 U.S. 539

2

(1974), and Sandin v. Conner, 115 S. Ct. 2293 (1995). See J.A. at 38. The court then held that since Pierce's complaint did not allege that Pierce lost good-time credits or that he was placed in solitary confinement as a result of the allegedly unconstitutional proceedings, Pierce had failed to state a claim as a matter of law. See id.

Presented now with Pierce's appeal of the district court's dismissal, we affirm, albeit on slightly different reasoning from that of the district court. Pierce's complaint seeks only two forms of relief: the restoration of lost good time credits, and monetary damages based on the assertedly unconstitutional procedures employed by the state in depriving him of those good time credits. Neither form of relief, however, is available to Pierce under 42 U.S.C. § 1983. As a consequence, Pierce has failed to state a claim upon which relief may be granted.

As Pierce concedes, under the Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), a prisoner seeking the restoration of good time credits in federal court may only do so by way of writ of habeas corpus. See Appellant's Br. at 4 n.5.

Neither can Pierce proceed on his claim for monetary damages for the alleged deprivation of good-time credits without due process of law. In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that a prisoner's claim for monetary damages may not be brought under 42 U.S.C. § 1983 if that claim "necessarily impl[ies] the invalidity of [the prisoner's] conviction or sentence." Recently, the Court held that Heck extends to prisoner claims for damages stemming from a loss of good time credits allegedly resulting from the state's use of constitutionally invalid procedures. See Edwards v. Balisok, 115 S. Ct. 1584, 1587-88 (1997). As the Court explained in Edwards, a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Id.

Pierce's claims, if proven, would necessarily imply the invalidity of the revocation of his good time credits. Indeed, Pierce's claims include the exact two claims pressed by the plaintiff in Edwards: that he was not allowed to present witnesses in his defense at the hearing, and that his decision-maker was acting in a biased and retaliatory

3

manner. See J.A. at 21-22. Edwards holds that these claims are of the sort that, if proven, would imply the invalidity of the prisoner's deprivation and are consequently barred under the rule announced in Heck. For this reason alone, Pierce could not be awarded in this suit pursuant to section 1983 the monetary damages he seeks.

But Pierce's claims go beyond even those held sufficient to bar petitioner's section 1983 claim in Edwards. Pierce's complaint includes numerous additional allegations regarding the revocation of his good-time credits, such as claims that he was not allowed to be present at his hearing, that he was not allowed to give testimony at his hearing, and that he was not given notice and compulsory process. Like the claims addressed by the court in Edwards, these claims also allege "obvious procedural defect[s]" which, if proven in the proper forum, could well result in the reinstatement of Pierce's good-time credits absent a new hearing. See Edwards, 117 S. Ct. at 1588. Since affording relief under the circumstances alleged by Pierce would necessarily imply that the revocation of Pierce's credits was invalid, habeas corpus is unmistakably the appropriate vehicle for Pierce's claims.

Given that the relief which Pierce seeks is unavailable to him in a suit brought pursuant to section 1983, the district court correctly concluded that Pierce's complaint failed to state a claim upon which relief could be granted. Accordingly, the judgment of the district court is affirmed.

AFFIRMED

4